## John Barnes, Appellee, v. National Live Stock Insurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Moultrie county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 27, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action in assumpsit by John Barnes, plaintiff, against National Live Stock Insurance Company, defendant, to recover under an insurance policy insuring plaintiff against loss by death from accident, disease, theft and fire of a certain stallion. From a judgment for plaintiff, defendant appeals.

Defendant's special plea, in substance, averred that the policy contained a provision that the perils indemnified against do not include death from any cause where the assured does not render forthwith by telegraph or telephone to defendant notice of any sickness or accident with which any animals insured may become afflicted; that the stallion mentioned was accidentally injured on or about the 28th day of April, A. D. 1914, and that the plaintiff failed to render forthwith by telegraph or telephone to the company notice of such accident, and that therefore by the terms of the policy defendant was not liable.

RAYMOND D. MEEKER and MITCHEL S. MEYBERG, for appellant.

E. J. MILLER, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 846*—*what is effect of failure of trial judge to sign bill of exceptions in time for filing.* Where a party has presented his bill of exceptions to the trial judge for his signature within the time fixed for filing the same, he has done all he can do and will not be prejudiced by the failure of the judge to sign it in time to have it filed within the period prescribed for that purpose.

2. APPEAL AND ERROR, § 846*—*when bill of exceptions should be filed nunc pro tunc as of date of tender to judge.* The proper practice where the trial judge has failed to sign the bill of exceptions in time to have it filed within the period prescribed for that purpose is to have it filed *nunc pro tunc* as of the date when it was tendered to the judge for his signature.

3. APPEAL AND ERROR, § 1712*—*when errors deemed waived.* All errors assigned upon the record which are not presented and argued in the brief are deemed waived.

4. APPEAL AND ERROR, § 1303*—*when presumed that verdict and judgment are sustained by evidence.* Where the bill of exceptions fails to state that it contains all the evidence introduced in the trial, the presumption will be indulged that the verdict and judgment are sustained by the evidence.

5. INSURANCE, § 120*—*how provisions in policies construed.* Provisions in insurance policies are construed most strongly in favor of the insured.

6. INSURANCE—*when special plea as to release from liability on policy on animal because of failure to give notice of accident bad.* In an action to recover for the death of a stallion under a policy insuring against loss by death from accident, disease, theft and fire, a special plea averring that defendant was relieved from liability because the insured did not render forthwith by telegraph or telephone to defendant notice of the accident as provided by the policy, *held* bad on demurrer, as it did not aver any connection between the injury and the death of the stallion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.